**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Virginia A. Sanderson (Bar No. 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Plaintiff OrionClick LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ORIONCLICK LLC**, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**KELVIN INOCENT**, an individual, **YMA INOCENT**, an individual, **IRON PEAK HOLDINGS, LLC**, a Texas limited liability company *dba* **CONCEALEDAMERICAONLINE.COM**, and **DOES 1 through 10**, inclusive,<br><br>Defendants. | Case No. 5:17-cv-00644<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1  Plaintiff OrionClick LLC ("Plaintiff"), by and through its undersigned counsel,
2  alleges as follows:

**INTRODUCTION**

1. Plaintiff owns and operates the website <ConcealedOnline.com> through which it provides an online training course (the "Course") for handgun owners prefatory to their application with the Virginia State Police for a concealed carry license.

2. Plaintiff has invested substantial time and money in developing the Course. Plaintiff hired a licensed gun-safety instructor to assist Plaintiff in writing the Course, which consists of several components, including (a) qualifying questions, (b) a training Video (the "Video"), (c) an online test, and (d) a certificate of completion (the "Certificate") that complies with the requirements of the Virginia State Police and Virginia law for proof of completion of a qualified online training course.

3. Plaintiff has a copyright registration with the United States Copyright Office ("USCO") covering the Certificate (USCO Registration No. VA 2-027-548) and has applied for copyright registration for the Video (USCO Case No. 1-4376666721).

4. Defendant Iron Peak Holdings, LLC, its principal, Defendant Yma Inocent, and her husband, Defendant Kelvin Inocent (collectively, "Defendants") own and operate the website <ConcealedAmericaOnline.com> (the "Infringing Site").

5. The Infringing Site is a blatant copy of Plaintiff's website and Course. The Infringing Site uses the same graphics, typeface, coding, and text as Plaintiff's website, changing only the name of the business and, of course, the payment information.

6. The following screenshots, which feature the home page of each website, are just one example of how Defendants have blatantly copied Plaintiff's website:

//
//
//
//
//

| **Plaintiff's Website** | **Defendants' Infringing Site** |
|---|---|
|  |  |

7. Defendants' Infringing Site includes the entirety of Plaintiff's Video:

| **Plaintiff's Website** | **Defendants' Infringing Site** |
|---|---|
|  |  |

8. Defendants' Infringing Site includes Plaintiff's Certificate, and Defendants issue Plaintiff's Certificate to persons who complete the Course on the Infringing Site:

| **Plaintiff's Website** | **Defendants' Infringing Site** |
|---|---|
|  |  |

9. Defendants are issuing the Certificate with a forged signature, which is intended to be submitted to law enforcement authorities for obtaining gun licenses.

10. Defendants have enlisted the services of numerous Internet-based companies within this District to promote the Infringing Site, including by advertising the Infringing Site on Facebook and other websites based in Northern California.

11. Defendants engaged in this misconduct knowingly and in violation of United States copyright laws. As a result, Plaintiff has been substantially harmed.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over this federal copyright dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

13. This Court has personal jurisdiction over Defendants because of Defendants' significant contacts with California and this District, including the fact that Defendants have used California-based services, such as Facebook, to offer and sell courses through its Infringing Site. Plaintiff's website, which Defendants have duplicated in its entirety, is hosted in California. Moreover, the bulk of harm from Defendants' misconduct has been felt in California, where Plaintiff is located.

14. Venue is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

**INTRADISTRICT ASSIGNMENT**

15. Because this lawsuit is an intellectual property action, pursuant to Local Civil Rule 3-2, this action should be assigned on a district-wide basis.

**PARTIES**

16. Plaintiff is a California limited liability company with its principal office in Pasadena, California.

17. On information and belief, Defendants Yma and Kelvin Inocent are individiuals residing in San Antonio, Texas.

18. On information and belief, Defendant Iron Peak Holdings, LLC is a Texas limited liability company with its principal place of business being the Inocents' residence

in San Antonio, Texas. On information and belief, the Inocents have exclusive control of Iron Peak Holdings, LLC and have personally directed and participated in the unlawful conduct alleged herein.

19. Plaintiff does not know the true names and capacities, whether individual, associate, corporate, or otherwise, of Defendants sued herein as Does 1-10 inclusive and therefore sues using fictitious names. On information and belief, each Defendant sued herein by a fictitious name is in some way liable and responsible to Plaintiff based on the facts herein alleged. Plaintiff will amend this Complaint to state the true names and capacities of the Doe Defendants once they have been discovered.

## FACTUAL ALLEGATIONS

### Plaintiff's Business and Website

20. In early 2016, Plaintiff created its Course and website to provide national consumers with the online training and documentation required to obtain a concealed carry license from Virginia.

21. Plaintiff owns and operates the website <ConcealedOnline.com> through which it provides its online training Course for handgun owners prefatory to their application with the Virginia State Police for a concealed carry license.

22. Plaintiff's Course is taught by a certified instructor, and Plaintiff's website offers the training Video, downloadable written materials, and information about handgun safety and how to get a Virginia concealed carry permit recognized in other qualifying states. Upon passing the test offered through Plaintiff's website and paying a fee, Plaintiff provides customers with the Certificate, which documents the educational requirements needed to submit a concealed carry application in Virginia.

23. Plaintiff has communicated with the Virginia State Police regarding the Course and updates its website regularly to keep permit-holders and applicants informed about the various laws affecting their permits.

24. Plaintiff has spent substantial time and money developing its Course and website materials as well as its customer base.

**Plaintiff's Copyrights**

25. Plaintiff's Course and materials therein are original, creative works in which Plaintiff owns protectable copyright interests.

26. Plaintiff has obtained a copyright registration for the Certificate (USCO Registration No. VA 2-027-548) and has filed a pending copyright application for the Video (USCO Case No. 1-4376666721). The content covered by the foregoing registration and application is collectively referred to herein as the "Proprietary Content."

**Defendants' Infringement**

27. Defendants are the registered owners and, on information and belief, the creators and operators of the Infringing Site, <ConcealedAmericaOnline.com>.

28. On information and belief, in late 2016 or early 2017, Defendants sought the services of web developers abroad, requesting a copy or "rip" of Plaintiff's Proprietary Content by name to create a mirror image of Plaintiff's website.

29. On information and belief, Defendants have no legitimate business relating to the Infringing Site or training for concealed carry licenses, and Defendants created a mirror image of Plaintiff's Proprietary Content for the sole purpose of defrauding consumers into believing the Infringing Site is related to Plaintiff's business.

30. Defendants' Infringing Site is a direct word-for-word, image-for-image copy of Plaintiff's Proprietary Content and includes Plaintiff's Video and Certificate.

31. Like Plaintiff's website, Defendants' Infringing Site purports to provide an online training "course" for handgun owners prefatory to their application with the Virginia State Police for a concealed carry license. On information and belief, Defendants' "course" is not taught by certified instructors and is not authorized by the Virginia State Police, demonstrating a blatant disregard for public safety. Further, Defendants are blatantly issuing the Certificate with a forged signature, which is intended to be submitted to law enforcement authorities for obtaining gun licenses.

32. On information and belief, Defendants also copied Plaintiff's Proprietary Content on Defendants' social media pages, including Defendants' Facebook page (the

1  "Facebook Page"), which had nearly 13,000 likes by January 2017.

2  33. On information and belief, Defendants have enlisted the advertising services of Facebook and other companies (which are California entities located within this District) to promote the Infringing Site, and have used the Proprietary Content in said advertising. Indeed, Plaintiff discovered Defendants' infringement when a Facebook advertisement for the Infringing Site, which featured some of the Proprietary Content, was seen by one of Plaintiff's principals while he was using Facebook.

34. On information and belief, Defendants copied Plaintiff's Proprietary Content onto the Infringing Site, the advertisements therefore, and Defendants' Facebook Page without license or permission in bad faith, thereby infringing on Plaintiff's intellectual property rights (the "Infringement").

35. On information and belief, Defendants engaged in the Infringement knowingly and in violation of United States copyright laws.

36. The Infringing Site is monetized in that it requests payment for the materials and "course" completed through the Infringing Site. On information and belief, Defendants have received a financial benefit directly attributable to the Infringement, including from consumer payments for the fraudulent courses.

37. As a result of Defendants' misconduct, Plaintiff has been substantially harmed, including through lost profits and loss of goodwill.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement, 17 U.S.C. §§ 501 *et seq.*

**(Against All Defendants)**

38. Plaintiff re-alleges and incorporates each allegation contained in the paragraphs above as if fully alleged herein.

39. Plaintiff's Proprietary Content, including its Course and website content, are original, creative works in which Plaintiff owns protectable copyright interests.

40. Plaintiff has a copyright registration and pending copyright application with the USCO covering the Proprietary Content.

41. Plaintiff has not licensed use of its Proprietary Content to Defendants, nor has Plaintiff assigned any of its exclusive rights in its copyrights to Defendants.

42. On information and belief, without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. § 106, Defendants reproduced the Course and other Proprietary Content on the Infringing Site, on Defendants' Internet advertisements, and on Defendants' Facebook Page.

43. Defendants' reproduction of the Course and Proprietary Content on the Infringing Site and Facebook Page constitutes copyright infringement.

44. On information and belief, thousands of people have viewed the unlawful copies of Plaintiff's Proprietary Content on the Infringing Site and Facebook Page.

45. On information and belief, Defendants, and each of them, had knowledge of the copyright infringement alleged herein and had the ability to stop the copyright infringement, yet willfully chose to engage in the infringing acts regardless.

46. Defendants' copyright infringement has damaged Plaintiff in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

## Contributory Copyright Infringement

## (Against Kelvin Inocent and Yma Inocent)

47. Plaintiff re-alleges and incorporates each allegation contained in the paragraphs above as if fully alleged herein.

48. On information and belief, each of the Inocents participated in the infringement of Plaintiff's Proprietary Content by, and in addition to the conduct discussed above, financially benefiting from the Infringement of Plaintiff's copyrights in the Proprietary Content with the knowledge that Defendant Iron Peak Holdings, LLC did not have any rights in the Proprietary Content.

49. On information and belief, the Inocents provided the means by which Defendant Iron Peak Holdings, LLC infringed Plaintiff's copyrights by, among other things, registering the Infringing Site, enlisting a duplicate copy or "rip" of Plaintiff's site

and Course from Defendants' web developer, causing the infringing content to be posted to the Infringing Site, and enlisting the advertising services of Facebook and others to promote the Infringing Site using the Proprietary Content.

50. The Inocents' contributory copyright infringement has damaged Plaintiff in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

### Intentional Interference

### (Against All Defendants)

51. Plaintiff re-alleges and incorporates each allegation contained in the paragraphs above as if fully alleged herein.

52. Plaintiff had an economic relationship with third parties who wanted to complete Plaintiff's online concealed carry Course, with the probability of future economic benefit to Plaintiff in the form of payment for the Course.

53. On information and belief, Defendants had knowledge of Plaintiff's economic relationships, and Defendants intentionally created and operated the Infringing Site and Facebook Page to disrupt Plaintiff's economic relationships.

54. Defendants' conduct caused disruption of Plaintiff's economic relationships and proximately caused Plaintiff economic damages, including lost sales and lost profit.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1. That the Court enter a judgment finding that Defendants have:
   a. Committed copyright infringement in violation of 17 U.S.C. §§ 501 *et seq.*;
   b. Committed contributory copyright infringement; and
   c. Intentionally interfered with Plaintiff's economic relationships.
2. That the Court award damages and monetary relief as follows:
   a. Statutory damages against Defendants under 17 U.S.C. § 504(c) of $150,000 for each instance of copyright infringement or, in the

alternative, Plaintiff's actual damages and Defendants' wrongful profits in an amount to be proven at trial;

    b. Plaintiff's attorney's fees as allowed by law, including pursuant to 17 U.S.C. § 505; and

    c. Plaintiff's costs.

3. Such other relief that the Court determines is just and proper.

Respectfully Submitted,

Dated: February 8, 2017            **KRONENBERGER ROSENFELD, LLP**

By:      s/ Virginia A. Sanderson
        Virginia A. Sanderson

Attorneys for Plaintiff OrionClick LLC



**REQUEST FOR JURY TRIAL**

Plaintiff hereby demands a trial of this action by jury.

Dated: February 8, 2017                          **KRONENBERGER ROSENFELD, LLP**

By:      s/ Virginia A. Sanderson
              Virginia A. Sanderson

Attorneys for Plaintiff OrionClick LLC